FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA** 2016 JUN 20  PM 4: 55

**(ORLANDO)**      CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL      *dLC*

*CIVIL DIVISION*

BRIAN J. BUDZASH,                            CASE NO. 16-CV-1072-37 KRS

                  Plaintiff,

vs.

ALLIED CREDIT CONSULTANTS, LLC
DBA ROTH, MORGAN & ASSOCIATES,

                  Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL AND INJUNCTIVE RELIEF

Plaintiff, BRIAN J. BUDZASH, by and through undersigned counsel, sues Defendant,

ALLIED CREDIT CONSULTANTS dba ROTH, MORGAN & ASSOCIATES, and alleges the

following:

This is an action for damages arising from Defendant's violations of the Florida Consumer

Collection Practices Act, Fla. Stat. §559.55, et seq. ("FCCPA") and the Fair Debt Collection

Practices Act, 15 U.S.C §1692 et seq. ("FDCPA").

### PARTIES, JURISDICTION & VENUE

1.      Plaintiff, BRIAN J. BUDZASH ("BUDZASH" or "Plaintiff"), is an adult individual

residing in Mobile County, Alabama.

2.      BUDZASH is a *"consumer"* as defined under *Fla. Stat. §559.55(8)* and *15 U.S.C*

*§1692 (a)(3)*.

3.      Defendant, ALLIED CREDIT CONSULTANTS, LLC dba ROTH, MORGAN &

ASSOCIATES ("ALLIED CREDIT" or "Defendant") is a Florida registered limited liability



company with its principal place of business at 4700 Millenia Blvd., Suite 175, Orlando, FL 32839. The principle purpose of Defendant is the collection of debts owed to others using the mail and telephone, including its dealings with Plaintiff.

4.      ALLIED CREDIT is a "debt collector" as defined under *Fla. Stat. §559.55(7)* and *15 U.S.C §1692(a)(6)*.

5.      Jurisdiction for purposes of this action is conferred by 28 U.S.C. *§1331,* which states district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

6.      Venue is appropriate in the U.S. District Court for the Middle District of Florida because the Defendant's principal place of business is in Orange County, Florida and the conduct giving rise to this cause of action occurred in Orange County, Florida.

## GENERAL ALLEGATIONS

7.      BUDZASH allegedly incurred a *"debt"* as defined under *Fla. Stat. §559.55(6)* and *15 U.S.C 1692a(5)* with Fifth Third Bank Central Florida (the "Original Creditor"), in which the alleged debt was incurred for personal and family reasons (the "Debt" or "Account").

8.      BUDZASH closed said Account on February 10, 2011, leaving an outstanding balance of $600.00.

9.      There has been no further activity on the Account since BUDZASH closed the Account on February 10, 2011.

10.     In correspondence dated April 8, 2016 (the "Litigation Notice"), the Defendant threatened to file a lawsuit against Plaintiff to recover on the Debt. Attached hereto is copy of the Litigation Notice marked as Exhibit "A" and incorporated fully herein.

11.     Additionally, Defendant's employee going under the name "Thomas J. Schaffer" (hereinafter known as "Schaffer") left numerous voice messages on Plaintiff's cellular voice mail threatening the Plaintiff with legal action and litigation if the Plaintiff did not pay the alleged Debt.

12.     Pursuant to Fla. Stat. §95.11(2)(b), Defendant was barred from brining legal action against Plaintiff since five (5) years have elapsed since the Account was closed.

13.     Defendant's Litigation Notice and Defendant's repeated telephone calls threatening to file a lawsuit against Plaintiff violated 15 U.S.C. §1692e(5) and Fla. Stat. §559.72(9).

14.     Furthermore, Defendant, through their employee Schaffer and others, used false, misleading and deceptive means in their attempts to collect the alleged Debt from BUDZASH, including but not limited to the following:

   a. attempting to collect more money that was actually due and owing from Plaintiff;

   b. representing in email communications and voicemail that the Account was in civil litigation by labeling and referring to the Account as "Civil Case No.: 04-120574" in order to deceive the Plaintiff in believing he was sued;

   c. representing in an email communication that Schaffer was "Director of Legal Operations" deceiving Plaintiff into thinking Defendant was an attorney or the communications was from an attorney; and

   d. representing in email and voicemail correspondence that the alleged Debt was going to be reported on the Plaintiff's credit report, when it is believed that the Defendant does not report to the credit bureaus.

15.     Additionally, on or before April 19, 2016, ALLIED CREDIT contacted BUDZASH on his cellular telephone at 7:44 A.M, in violation of 15 U.S.C. §1692c (a)(1) and Fla. Stat. § 559.72 (17).

16.     On or before April 25, 2016, via certified mail return receipt, Tracking Number 7015 0640 0007 4646 9805, ALLIED CREDIT received a cease and desist letter from BUDZASH's attorney informing Defendant that BUDZASH was represented by counsel and to cease all communications with the Plaintiff.

17.     On or about April 26, 2016, knowing Plaintiff was represented by counsel, Defendant again contacted Plaintiff on Plaintiff's cellular telephone in an attempt to collect on the alleged Debt, in direct violation of 15 U.S.C. §1692c(a)(2) and Fla. Stat. 559.72(18).

18.     ALLIED CREDIT systematically broke the law in their collection efforts against BUDZASH resulting in BUDZASH suffering significant and repeated damages.

19.     ALLIED CREDIT's actions caused BUDZASH actual damages in the form of extreme anxiety, restless and sleepless nights, familial strife, anger and debilitating stress.

20.     Plaintiff has also incurred reasonable attorney's fees in pursuit of this enforcement action, and is seeking the recovery of same against Defendant, as allowed under *Fla. Stat. §559.77(2)* and *15 U.S.C §1692k(a)(3)*.

## COUNT I
## VIOLATION OF THE FCCPA

21.     BUDZASH re-alleges and re-avers paragraphs 1 through 20 above, as if fully set forth herein and further states as follows:

22.     ALLIED CREDIT is subject to and has violated the provisions of *Fla. Stat. §559.72*, including but not limited to:

a.)     Fla. Stat. §559.72(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his

family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

b.) Fla. Stat. §559.72 (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist;

c.) Fla. Stat. §559.72 (10) Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not;

d.) Fla. Stat. §559.72 (11) Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare;

e.) Fla. Stat. §559.72 (12) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney;

f.) Fla. Stat. §559.72 (17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor;

g.) Fla. Stat. §559.72 (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address.

23.     As a direct and proximate result of ALLIED CREDIT's actions, the Plaintiff has suffered actual damages, costs and attorney fees, and is entitled to statutory damages, pursuant to *Fla. Stat. §559.77(2).*

24.     Plaintiff is also seeking injunctive relief to prevent Defendant from any and all further communications with Plaintiff, either through the mail, telephone, electronic communications or any other available means.

       **WHEREFORE**, Plaintiff, BUDZASH, demands judgment against ALLIED CREDIT for injunctive relief, statutory damages per violation, actual damages, punitive damages, costs, interest and attorney fees and any other relief this Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FDCPA**

25.     BUDZASH re-alleges and re-avers paragraphs 1 through 20 above, as if fully set forth herein and further states as follows:

26.     ALLIED CREDIT is subject to and has violated the provisions of *15 U.S.C §1692 et seq.* including but not limited to:

    a.)     15 U.S.C. §1692b (6) and 15 U.S.C. §1692c (2) – communicating with a consumer after the debt collector knew the consumer was represented by an attorney with regard to the subject debt;

    b.)     15 U.S.C. §1692c (1) – communicating with a consumer at any unusual time or place, specifically calling consumer before 8 a.m. in consumer's time zone.

    c.)     15 U.S.C. §1692d – engaging in conduct the natural consequence of which to harass, oppress, or abuse any person in connection with the collection of a debt;

    d.)     15 U.S.C. §1692e – using false, deceptive and misleading representation or means in connection with the collection of any debt; and

e.)   15 U.S.C. §1692f (1) – using unfair and unconscionable means to collect or attempt to collect any debt by attempting to collect an amount greater than the amount expressly authorized by an agreement creating a debt or permitted by law.

27.   As a direct and proximate result of ALLIED CREDIT's actions, BUDZASH has suffered actual damages, costs and attorney fees, and is entitled to statutory damages pursuant to *15 U.S.C 1692k.*

28.   Plaintiff is also seeking injunctive relief to prevent Defendant from any and all further communications with Plaintiff, either through the mail, telephone, electronic communications or other available means.

**WHEREFORE**, Plaintiff, BUDZASH, demands a judgment against ALLIED CREDIT for injunctive relief, statutory damages, actual damages, costs, interest and attorney fees and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 16th day of June, 2016.

By: _____  _ TRIAL COUNSEL

MATTHEW R. MCGUIGAN, ESQ.
Florida Bar No. 113357
*MILL STONE LEGAL GROUP, LLC*
110 SE 6th Street, 17th Floor
Fort Lauderdale, FL 33301
Phone: (754) 227-1610
Email: mmcguigan@millstonelegal.com